UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUNTER HARRIS and CORA CLUETT<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS LOWELL, JACQUELINE MOLONEY, UNIVERSITY OF MASSACHUSETTS BOSTON, MARCELO SUAREZ-OROZCO and SHAWN DE VEAU,<br><br>Defendants. | C.A. No. 1:21-cv-11244-DJC |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants hereby move to dismiss with prejudice the Complaint in this matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of this motion, the Defendants respectfully refer the Court to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and in Support of Motion to Dismiss ("Memorandum"), filed herewith.

For the reasons described in Defendants' Memorandum, Plaintiffs' Complaint — which seeks to enjoin the Defendants from imposing a requirement that students receive a COVID-19 vaccination prior to returning to campus for the Fall 2021 semester — fails to state a claim upon which relief can be granted because the various federal constitutional arguments raised by Plaintiffs are deficient as a matter of law and are contrary to controlling Supreme Court caselaw and numerous federal court decisions that have held compulsory vaccination measures to be constitutional and well within the discretion of state authorities to protect the health, safety, and welfare of the public. Specifically, the Court can and should determine that Plaintiffs'

1

procedural due process claim (Count I) is invalid because the Vaccine Requirement is a prospective rule of general application that is not subject to the notice and hearing requirements of the Due Process Clause. (Memorandum, pp. 13-15). Likewise, the Court can and should determine that Plaintiffs' substantive due process claim (Count II) is deficient as a matter of law because the University's Vaccine Requirement has a "rational basis" and, therefore, satisfies the applicable standard for state action in this case. (Memorandum, pp. 15-22).

Plaintiffs' free exercise of religion claim under the First Amendment (Count III) also fails as a matter of law because students have no constitutional right to a religious exemption to vaccination requirements. *Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017); *Phillips v. New York*, 775 F.3d 538, 543 (2d Cir. 2015); *Klaassen v. Trustees of Indiana University*, 2021 WL 3073926, *25 (N.D. Ind. 2021). (Memorandum, pp. 35-36)

Finally, since all of Plaintiffs' federal claims fail as a matter of law, their statutory claim under 42 U.S.C. § 1983 (Count IV) also fails. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). (Memorandum, pp. 37-38).

In addition, Plaintiffs' claims against UMass Boston and UMass Lowell (both "arms of the state" under First Circuit precedent) should be dismissed in their entirety because the Eleventh Amendment bars federal suits against the state or state agencies. *O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000). (Memorandum, p. 26, 36). Lastly, all of Plaintiffs' claims and/or arguments under state law, including the Massachusetts Constitution, are barred by the Eleventh Amendment, which prohibits the Court from exercising subject matter jurisdiction over state law claims brought against state defendants in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). (Memorandum, p. 10).

Wherefore, Defendants respectfully request that Plaintiffs' Complaint be dismissed with prejudice.

        Respectfully submitted,

        MAURA HEALEY
        ATTORNEY GENERAL

        */s/ Richard S. Weitzel*
        Richard S. Weitzel (BBO No. 630303)
          Assistant Attorney General
        Christine Fimognari (BBO No. 703410)
          Special Assistant Attorney General
        Office of the Attorney General of Massachusetts
        Government Bureau
        One Ashburton Place
        Boston, MA 02108-1698
        (617) 963-2022
        richard.weitzel@mass.gov
        christine.fimognari.mass.gov

        *Counsel for the Defendants*

August 17, 2021

## LOCAL RULE 7.1 CERTIFICATION

I certify that I have conferred with counsel for Plaintiffs by telephone and attempted in good faith to narrow or resolve the issues that form the basis for this motion. After conferring, we were unable to narrow or resolve the issues presented.

        */s/ Richard S. Weitzel*
        Richard S. Weitzel
        Assistant Attorney General

## **CERTIFICATE OF SERVICE**

      I certify that, on August 17, 2021, this document was filed through the Electronic Case Filing (ECF) system and thus copies of will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

      */s/ Richard S. Weitzel*
Richard S. Weitzel
Assistant Attorney General