UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HUNTER HARRIS and CORA CLUETT

                Plaintiffs,

v.

UNIVERSITY OF MASSACHUSETTS
LOWELL, JACQUELINE MOLONEY,
UNIVERSITY OF MASSACHUSETTS
BOSTON, MARCELO SUAREZ-OROZCO
and SHAWN DE VEAU,

                Defendants.

C.A. No. 1:21-cv-11244-DJC

## DECLARATION OF SHAWN DE VEAU

I, Shawn J. De Veau, hereby declare as follows:

1. I submit this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction in the above-captioned case. I have compiled the information in the statements below through personal knowledge or on the basis of documents I have reviewed.

2. I am the Interim Vice Chancellor for Student Affairs at the University of Massachusetts Boston ("UMass Boston"). I have held this position since July 8, 2021. In this role, I am responsible for leadership for departments that focus on the student experience outside the classroom, especially as related to cocurricular involvement and supervision of several departments, including University Health Services (UHS). I have also served UMass Boston as the associate dean of students and deputy Title IX coordinator. In that role, I oversaw the student conduct system and worked on matters involving sexual

1

respect, violence, and misconduct.  I have served for over 25 years in the student affairs profession at various institutions of higher education across the country.

3.   In my role as Interim Vice Chancellor for Student Affairs, I review UMass Boston student appeals for religious exemptions to the University's Vaccine Requirement.  I am not involved in the initial review and decision-making on a student's request for a religious exemption.

4.   The process for reviewing Cora Cluett's initial request was the same as that afforded to other applicants for a religious exemption at UMass Boston.

5.   When a student submits a request for a religious exemption, the initial request is reviewed by a gender-diverse committee comprised of individuals of different faith backgrounds who are medical, counseling, and staff professionals.  The committee includes Robert Pomales; Diane Pankow, Director of General Medicine and Nurse Practitioner; Gisele Unger, RN; and Mayra Torres, Health Services.

6.   The committee was put together by Robert Pomales, Executive Director of UHS, and began reviewing exemption requests on June 30, 2021.  The committee takes a holistic approach to reviewing requests for religious exemptions.  This committee reviews all the religious exemption requests received by UMass Boston.

7.   I reviewed Cluett's appeal of the initial decision.  The process for reviewing Cluett's appeal was the same as that afforded to other applicants for a religious exemption at UMass Boston.

8.   When reviewing students' appeals, I engage in a holistic process: I review the student's request, research the faith tradition on which they are basing their request, and respond to the students based on my research.  If students send further replies after receiving my

response, I engage in phone or email conversations with them.  My process for reviewing

appeals is to engage in an interactive process to discuss the student's specific

circumstances and determine if the exemption is based on a sincerely held religious

belief.

9. On May 14, 2021, Cluett emailed UMass Boston UHS to request a COVID-19 exemption

form.  On May 16, 2021, UHS provided Cluett with the religious exemption form along

with instructions for completing and submitting it.  These instructions included that the

form was currently being updated, so students had to manually write in the COVID-19

vaccine below the other vaccines listed.  Cluett and UHS exchanged additional emails in

which Cluett requested an updated form that included the COVID-19 vaccine. True and

accurate copies of these emails are attached hereto as Exhibit A.

10. Cluett submitted a Religious Exemption Request Form on May 18, 2021 and, at the

request of UHS, submitted an additional Declaration on June 23, 2021.  A true and

accurate copy of her Religious Exemption Declaration is attached hereto as Exhibit B.

11. On June 23, 2021, UHS emailed Cluett confirming receipt of her exemption request and

telling her that a team was being put together to review the exemption requests.  Cluett

responded the same day with a request to have a phone call with a nurse and her attorney.

UHS responded on June 25, 2021, saying that they would be in touch regarding the issue

and UHS will convene a committee to review her request. True and accurate copies of

these emails are attached hereto as Exhibit C.

12. As part of the review process, UHS confirmed that Cluett had received all other required

vaccinations.  A true and accurate copy of her Immunization Schedule, on file with

UMass Boston, is attached hereto as Exhibit D.[1]  Cluett first enrolled at UMass Boston as a student in Fall 2018.  She has been enrolled each semester since then except for the Fall 2020 semester, when she chose not to enroll in classes.  Cluett is a member of the women's track team and participates in other student activities.

13. On July 15, 2021, UHS notified Cluett that her request for a religious exemption was denied, and she could appeal the decision by emailing her request and supporting documents to De Veau.  A true and accurate copy of this email is attached hereto as Exhibit E.

14. On July 21, 2021, I further notified Cluett via email that her request for a religious exemption had been initially denied, and that she had the opportunity for appeal.  In this email, I notified Cluett that she had not shown a sincerely held religious belief.  I also informed Cluett that "Proof of a sincerely held religious belief could include: 1. A signed statement from a religious official describing the religious tenet that precludes the taking of a vaccine and/or 2. A personally written statement describing the religious basis for your objection to taking this vaccine versus the other vaccines which you have previously submitted evidence of having received."  The email further informed Cluett that "[u]pon receipt of one or both of these statements, we will make a further review of your appeal."  This email was the standard response explaining the denial of a request for a religious

---

[1] Cluett's immunization records are attached to this declaration pursuant to the Family Educational Rights and Privacy Act Regulations (FERPA) exemption that applies when a student initiates legal action against an educational institution.  34 C.F.R. § 99.31(9)(iii)(B) ("If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency  or institution to defend itself.")

exemption and the appeal process available to students.  A true and accurate copy of this

email is attached to this Declaration as Exhibit F.

15. On July 23, 2021, Cluett emailed me her formal appeal letter, titled "Cora Cluett's

Religious Exemption Appeal."  A true and accurate copy of this letter is attached to this

Declaration as Exhibit G.

16. Upon receiving Cluett's appeal, I gave it careful and thorough consideration.

17. On July 26, 2021, I emailed Cluett a response to her appeal.  In this email, I explained

that based on the statements in her letter, I read her faith to be Roman Catholic, and that

if this were incorrect she should please let me know.  Cluett did not thereafter let me

know that my understanding of her faith as Roman Catholic was incorrect.  In this email,

I provided statements from the leaders of the Roman Catholic Church that point to both

the ethical use of vaccines in general and of the COVID-19 vaccine specifically.  I

informed Cluett that without further documentation indicating a religious tenet that would

prevent someone of the Roman Catholic faith from receiving a vaccine, I could not

approve her request for an exemption.  In this email I also informed Cluett that she could

opt to unregister from face-to-face courses for the coming semester and see if

circumstances change for the Spring 2022 semester.  A true and accurate copy of this

email is attached to this Declaration as Exhibit H.

18. Cluett's request for a religious exemption is not part of the student conduct process and

the denial of her request did not, and indeed could not, result in a sanction such as

expulsion.  *See*, *e.g.*,

https://www.umb.edu/life_on_campus/dean_of_students/student_conduct.  The

University's denial of Cluett's religious exemption does not preclude her from enrolling in courses that do not meet in person or at another institution of higher education.

19. Prior to reviewing Cluett's exemption request, the Chancellor's office received an email about Cluett's social media stating that she would not receive the COVID-19 vaccine prior to returning to campus for the Fall 2021 semester.  On April 28, 2021, John Silveria, Dean of Students/Associate Vice Chancellor at UMass Boston, forwarded me an April 27, 2021 email from a student concerning comments Cluett was making online.  This email included a screen shot of Cluett's comment, which stated: "Opinions on vaccine safety aside medical tyranny is alive and well, this is fascist insanity from the most far leftist leaning university system in the state. My family's hard earned taxpayer dollars have funded this institution my entire life. I will be showing up to campus unvaccinated [emoji smiley face]."  A true and accurate copy of this screen shot is attached to this Declaration as Exhibit I.

I state under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Dated:        August 16, 2021

Shawn J DeVeau

Shawn De Veau

6